UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:19-cv-04147-RLY-DML |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Report and Recommendation on
<u>Defendant's Motion to Dismiss Complaint</u>

The Magistrate Judge makes this report and recommendation to the District Judge, under 28 U.S.C.§ 636(b)(1)(B) and Fed. R. Civ. P. 72(a), about the proper disposition of a motion to dismiss filed by the defendant.

## **Introduction**

Plaintiff Denise Cook, who is *pro se,* filed a complaint seeking judicial review of a decision by the Commissioner of the Social Security Administration that she was not disabled and therefore not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income disability benefits ("SSI") under Titles II and XVI, respectively, of the Social Security Act.

The Commissioner has moved to dismiss Ms. Cook's complaint because it was not timely filed as required under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Ms. Cook did not initially respond to the motion to dismiss, but after the court gave her

a second opportunity to file a response, she did so on January 27, 2020. (Dkt. 11). As explained below, the court determines that Ms. Cook's complaint was not timely filed and therefore her case should be dismissed.

## Ms. Cook Did Not Timely Seek Judicial Review of the Commissioner's Final Decision.

Under 42 U.S.C. § 405(g), which governs judicial review of a final decision of the Commissioner of the Social Security Administration, a civil action for judicial review of the decision must be "commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." By administrative rule, the 60-day period begins to run when the claimant receives notice from the Appeals Council of its denial of review, and a claimant is presumed to receive the notice five days after its date unless the claimant makes a "reasonable showing" that receipt occurred later. 20 C.F.R. § 422.210(c).

The Commissioner's decision denying Ms. Cook's applications for DIB and SSI became final on April 27, 2019, when the Appeals Council denied review of the unfavorable decision by an administrative law judge issued on August 8, 2018. *See O'Connor-Spinner v. Astrue,* 627 F.3d 614, 618 (7th Cir. 2010) (upon denial of review by the Appeals Council, the ALJ's decision becomes the Commissioner's final decision subject to judicial review). Ordinarily, then, Ms. Cook was required to have filed her complaint by July 1, 2019 (65 days from the April 27 date of the Appeals

Council's notice of its denial of review).[1] Ms. Cook did not file her complaint for judicial review until October 8, 2019, about three months late. Though a court can equitably toll the limitations period, equitable tolling should not be applied except in rare cases, such as where the government engaged in conduct that kept or mislead the plaintiff from exercising her legal rights. *See Bowen v. City of New York,* 476 U.S. 467, 480-81 (1986) (60-day statute of limitation in Section 405(g) may be equitably tolled in the "rare case" where the "equities in favor of tolling are compelling"); *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) (equitable tolling is appropriate where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

Ms. Cook states in her response to the Commissioner's motion to dismiss that she "wasn't informed of the judge['s] decision until after the 60 days to appeal." (Dkt. 11 at p. 1). In context, it appears that Ms. Cook's reference to the "judge" means the administrative law judge ("ALJ") who issued her decision in August 2018; she used the word "judge" two other times in her response and those references clearly refer to the ALJ. *E.g.,* p. 2 (referring to her lawyer having not provided enough information to the "judge" and having not been prepared for the hearing she had before the "judge"). But the Commissioner does not contest that Ms. Cook timely appealed from the ALJ's unfavorable decision, which is the second-

---

[1] The Commissioner's motion states that the 65-day period ended July 3, 2019, but July 3 was 67 days after the date of the Appeals Council's notice of decision. The two-day difference is not material; it does not matter whether the presumptive date of Ms. Cook's receipt of the Appeals Council's notice was July1 or July 3.

3

to-last step for exhausting administrative proceedings before seeking judicial review and is also governed by a 60-day period that presumptively begins five days after the date of the ALJ's notice of decision.

    The Commissioner's motion to dismiss focuses on Ms. Cook's failure to appeal timely from the Appeals Council's notice of decision rendered on April 27, 2019. Ms. Cook does not address when she received notice of that decision. Even if Ms. Cook's statement that she was not informed of the "judge's" decision within 60 days is construed to mean that she did not receive the Appeals Council's April 27, 2019 notice at least within the presumptive 65-day limitations period between the date of the notice and the deadline for filing her complaint with this court, it is not reasonable to conclude that her receipt of the Appeals Council's notice of decision did not occur until three months after it was mailed to her and to her lawyer—the length of time necessary to have made timely her October 8, 2019 complaint. Ms. Cook does not suggest that she only learned about the Appeals Council's decision in late July 2019, and she does not suggest that anyone within the Social Security Administration did anything that mislead her about her filing deadline or prevented her from meeting the deadline.

    Instead, Ms. Cook asks the court to excuse the untimeliness of her complaint because she deserves "another chance," and she believes that the lawyer who had represented her before the Social Security Administration should have done a better job and been willing to appeal on her behalf rather than merely offering to represent her in filing a new disability application. *See* Dkt. 11 at p. 1 (stating that

the lawyer told her they were not "going to appeal and that we could start over and the[y] would represent me in Supplemental Security Income case"). These are not sufficient reasons for the court to excuse the untimely filing by Ms. Cook of her complaint in this court. Because the complaint was not timely filed, it should be dismissed. *See Lehman v. Nakshian,* 453 U.S. 156, 160 (1981) (internal quotations and citations omitted) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.")

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT the Commissioner's motion to dismiss Ms. Cook's complaint for judicial review. (Dkt. 15).

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with the court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

IT IS SO RECOMMENDED.

Date: February 16, 2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Via United States mail:
**DENISE COOK**
660 Wooddale Terrace #6
Greenwood, IN 46142