UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04147-RLY-MG |
| | ) |
| ANDREW M. SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Denise Cook filed this suit challenging the Commissioner's decision to deny her social security benefits. The Commissioner moved to dismiss this suit as untimely, and the Magistrate Judge issued a report and recommendation agreeing with the Commissioner. Cook now objects.

The problem for Cook though is she filed this suit too late. The rules require a challenge to be filed within sixty-five[1] days of the Commissioner's decision. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). The Appeals Council denied Cook's request to review the initial ALJ's unfavorable decision on April 27, 2019. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (noting an Appeals Council's denial serves as the final decision of the Commissioner). That meant Cook was required to file her

---

[1] 20 C.F.R. § 422.210(c) presumes a claimant receives notice of the Appeals Council's decision five days after the actual decision. The regulation then authorizes a complaint to be filed within sixty days after that. *Id.*

1

complaint in federal court no later than July 1, 2019. She did not file this suit until October 8, 2019. That was too late.

Cook objects. She highlights all of her conditions and argues her counsel failed to adequately prepare and present her case before the ALJ. (*See* Filing No. 14). But that goes toward the merits of her appeal, not timeliness—the grounds for Judge Lynch's Report and Recommendation. Her objection is therefore overruled because it does not address timeliness.

Even if the court were to liberally construe her objection as raising timeliness (since she is *pro se*), the result would be the same. To the extent the fault lies with her attorney because the attorney neither appealed immediately nor told Cook about the Appeals Council notice within sixty days of when it was issued, an attorney's error is generally not a sufficient reason to excuse a late filing. *See e.g. United States v. Boyle*, 469 U.S. 241, 252 (1985) (client was penalized for counsel's late filing of tax return).

To the extent Cook says she did not receive notice of the Appeals Council's decision, this is not a "reasonable showing" to rebut the statute's presumption that a claimant receives notice of the Appeals Council's decision five days after the date of such decision. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) ("The regulations . . . create a rebuttable presumption that the claimant receives the notice 'five days after the date of such notice.'") (quoting 20 C.F.R. § 422.210(c)). Cook has not explained when she actually received notice or why her suit was filed *more than three months after* the sixty-day deadline. As Judge Lynch explained, it simply is not reasonable to conclude that Cook received notice of the decision more than three months after it was mailed to

her. (Filing No. 13, Report and Recommendation at 4). Cook has therefore failed to make the required showing to rebut the statute's presumption. *McCall*, 832 F.2d at 864 (affidavits indicating claimant and attorney did not receive notice was insufficient to rebut the statute's presumption); *Wurst v. Commissioner of Social Security*, 767 F.App'x 842, 844 (11th Cir. 2019) (same); *Garcia v. Commissioner of Social Security*, 53 F.App'x 192, 194 (3rd Cir. 2002) (same); *see also McLaughlin v. Astrue*, 443 F.App'x 571, 574 (1st Cir. 2011) ("As for rebutting the presumption, it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption.") (collecting cases); *but see Ashe v. Saul*, 983 F.3d 1104, 1107 – 08 (9th Cir. 2020) (declarations from claimant and attorney sufficiently rebutted presumption).

With those additional comments, the Report and Recommendation (Filing No. 13) is **ADOPTED**, the Commissioner's Motion to Dismiss (Filing No. 7) is **GRANTED**, and Cook's Complaint is **DISMISSED WITH PREJUDICE**. Final judgment will be entered accordingly. If Cook wishes to appeal, she must file her notice of appeal within thirty days from the date of this Order.

**SO ORDERED** this 5th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Mail to:

**DENISE COOK**
660 Woodale Terrace #6
Greenwood, IN 46142
317-771-0239
PRO SE